IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                                                                                           No. 18-CR-4182-WJ

**ULISES COTA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' APPEAL OF RELEASE AND OVERRULING ORDER OF RELEASE

THIS MATTER comes before the Court following a hearing on the *United States' Notice of Appeal* (Doc. 40, filed 5/24/19) and *Memorandum in Support* (Doc. 44, filed 5/29/19). At the June 6, 2019 appeal hearing, this Court ruled that, for reasons stated in the record and contained herein, the ruling granting the defendant's release pursuant to 18 U.S.C. § 3145 pending sentencing is **OVERRULED**. The **Government's appeal is GRANTED** and the defendant is remanded to the custody of the United States Marshal pursuant to 18 U.S.C. § 3143(a)(2) pending sentencing.

### BACKGROUND

On December 19, 2018, the defendant was indicted by a grand jury in Albuquerque, New Mexico, for violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B): Distribution of 50 Grams and More of a Mixture and Substance Containing Methamphetamine. Doc. 2. After the Court heard argument from the parties regarding pre-trial release, the Court released the defendant to La Pasada halfway house on January 28, 2019. Doc. 16. On April 30, 2019, the Court granted Defendant's Unopposed Motion to Modify Conditions of Release to return to his home in Arizona. Doc. 30, Doc. 32. On May 24, 2019, the defendant pleaded guilty to the sole charge of the indictment pursuant to a plea agreement. Doc. 38. United States Magistrate Judge Kirtan Khalsa adjudicated Defendant guilty

on the same date. Doc. 39.

At the May 24, 2019 plea hearing, the defense stated that it did not have any exceptional circumstances that would warrant the defendant's release pending sentencing. Transcript of May 24, 2019 plea hearing, Doc. 45, at 22:11–21. The Government requested the defendant be held in custody pending sentencing. Tr. at 26:11–23. Judge Khalsa stated that she considered the following in finding that there were exceptional circumstances allowing for the defendant's release from custody pending sentencing in this matter: the defendant's pre-trial release to Arizona and his return to New Mexico for the plea hearing; the defendant's two children, in whose lives he had been consistently involved and who would be impacted by his absence from their home in Arizona; and the defendant's compliance with pre-trial release. Tr. at 22:22–26:3. Judge Khalsa ruled that the defendant had "demonstrated his amenability to showing up in court" and "complying with the conditions of release." Tr. at 26:1–7. Judge Khalsa overruled the Government's objection that the defendant's circumstances were not exceptional under Tenth Circuit law and found that the conditions in place for the defendant's supervision in the District of Arizona were adequate. Tr. at 27:9–15.

On the same day as the plea hearing, the Government filed its Notice of Appeal of Release, and on May 29, 2019, the Government filed its Memorandum in Support. Doc. 40, Doc. 44. This Court heard argument from the parties on June 6, 2019 and now overrules the order of release.

## DISCUSSION

18 U.S.C. §§ 3143(a) and 3145 govern release after a conviction pending sentencing. 18 U.S.C. § 3143(a)(2) provides, in relevant part, the Court "shall order that a person who has been found guilty of an offense [for which the maximum term of imprisonment of ten years or more is prescribed] and is awaiting imposition . . . of sentence be detained." 18 U.S.C. § 3143(a)(2) (citing

subsection (f)(1) of Section 3142). The mandatory detention provision does not apply if (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (2) if the United States is recommending that no sentence of imprisonment be imposed, <u>and</u> if the Court finds that the defendant is neither a flight risk nor a danger. *See* 18 U.S.C. §§ 3143(a)(2)(A), (B). Otherwise, a defendant who is subject to the mandatory detention provision may remain on conditions of release pending sentencing only if the court finds that there are exceptional reasons for why a defendant's detention is not appropriate <u>and</u> finds clear and convincing evidence that the defendant is not a flight risk or a danger. 18 U.S.C. § 3145(c).

A defendant bears "the burden of proof to clearly show exceptional" circumstances when seeking release pursuant to Section 3145(c). *See United States v. Rodella*, 2015 WL 1906117, at *49–53 (D.N.M. Apr. 15, 2015) (Browning, J.) (citing 18 U.S.C. § 3145(c)). The Tenth Circuit has explained that "exceptional reasons" for release implicate "a unique combination of circumstances giving rise to situations that are out of the ordinary." *See United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). The Circuit has stated that "exceptional is defined as being out of the ordinary: uncommon, rare." *Id.* (citation and quotation marks omitted).

The maximum term of imprisonment prescribed is ten years or more in this matter (*see* 18 U.S.C. § 3142(f)(1)(C)), the defendant has pleaded guilty (such that there is no reasonable chance of an acquittal or new trial), and the Government is requesting a sentence be imposed; the mandatory detention provision is applicable under 18 U.S.C. § 3143(a)(2). Therefore, the issue before the Court on appeal is whether exceptional circumstances exist that warrant release pending sentencing pursuant to 18 U.S.C. § 3145. At the June 6, 2019 appeal hearing, the defendant relied on the following to support his argument that he should remain on release: (1) his compliance with pre-trial release conditions, (2) his involvement with and support of his two children, who reside

3

in Arizona, (3) his need to put his affairs in order prior to sentencing, (4) his demonstration that he will not abscond, considering he was released to Arizona and returned for his plea hearing and for the appeal hearing, and (5) his current employment. Defendant argued at the hearing that the statute was not written in consideration of defendants who have demonstrated this kind of behavior on pre-trial release, and that compliance to this degree is exceptional under the statute.

At the hearing, the Court explained that it acknowledges the defendant's history of compliance and the impact that remand to custody will have on the defendant's family. The Court further stated that the Tenth Circuit law on this issue is clear, which is that there must be exceptional circumstances to warrant setting aside the statutory mandate that the Court remand the defendant into custody after a finding of guilt and prior to sentencing in this case. The Court noted that the Government provided several cases in which other courts have found that circumstances similar to the defendant's were not exceptional, including the following:

- *Wages*, 271 F. App'x at 727 (lack of criminal history, age (53), use of a wheelchair and need for a special mattress to avoid pain, limited ability to hear making it difficult for defendant to communicate, and need to care for elderly mother, either separately or in combination, insufficient);

- *Rodella*, 2015 WL 1906117 at *49–53 (defendant's health, nature of the underlying crime, status as a former law enforcement officer, and the defendant's family situation insufficient);

- *United States v. Ganadonegro*, 2012 WL 1132166, at *5–6 (D.N.M. March 14, 2012) (Browning, J.) (lack of criminal history, effect of detention on family, the defendant's good reputation, the defendant's suffering during the years the charges have been pending, and the length of the term of imprisonment insufficient);

- *United States v. Wright*, 2009 WL 87604, at *3 (D. Utah Jan. 12, 2009) (holding family members' need for care due to age or infirmity not exceptional reason);

- *United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (Rymer, J., concurring in order denying petition for rehearing en banc) (ruling danger to the community is a predicate condition of Section 3143(a)(1), and thus it does not establish an "exceptional reason," absent some other factor else making it extraordinary).

In consideration of these cases, the Tenth Circuit's characterization of the "exceptional reasons" requirement, and the language in the statutory mandate, the defendant's circumstances do not rise to a level sufficient to warrant continued release pending sentencing. As explained at the hearing, the district court is bound to follow the law of the Tenth Circuit, which does not provide discretion in this instance unless the Court can find that exceptional reasons exist; the Court is unable to find that the defendant's circumstances are out of the ordinary, uncommon, or rare, *Wages*, 271 F. App'x at 727, and the defendant therefore cannot continue to be released pursuant to 18 U.S.C. § 3145.

For the foregoing reasons, the *United States' Notice of Appeal* (Doc. 40, filed 5/24/19) is hereby **GRANTED**. **The defendant is remanded to the custody of the United States Marshal pursuant to 18 U.S.C. § 3143(a)(2) until further order from this Court.**

**IT IS SO ORDERED.**

‎ _____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE